# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| JOHN C. DUVALL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:07CV00047 ERW |
| JAMES RAY MAXEY, et al., | ) ) ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendants' motions to dismiss. The motions will be granted.

Plaintiff has filed this <u>Bivens</u> action against Dimple Robinson, a former employee of the Social Security Administration, and two private citizens, James Ray Maxey and Helen Lawrence. The complaint was filed in the Circuit Court of Monroe County on March 19, 2007, and removed by the United States to this Court on October 29, 2007.

Plaintiff alleges that defendants engaged in a conspiracy to punish him for filing a Social Security benefits misuse complaint against defendant Maxey in April 2000. Plaintiff claims that the conspiracy and retaliatory conduct culminated when Defendant Dimple Robinson testified against Plaintiff falsely during his state criminal trial in October 2001.

Defendants have each moved to dismiss this case because it is barred by the statute of limitations.[1] Defendants are correct.

Section 1983 claims and <u>Bivens</u> claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations. <u>Sulik v. Taney County, Mo.</u>, 393 F.3d 765, 767 (8th Cir. 2005) (§ 1983); <u>Sanchez v. United States</u>, 49 F.3d 1329, 1330 (8th Cir. 1995) ("<u>Bivens</u> actions are governed by the same statute of limitations as section 1983 actions"); Mo. Rev. Stat. § 516.120(4). Plaintiff's cause of action accrued when he knew or should have known that he had been harmed. <u>Wehrman v. United States,</u> 830 F.2d 1480, 1482-83 (8th Cir. 1987).

Plaintiff knew or should have known that he was harmed by defendants' alleged conspiracy no later than October 2001, the date of his criminal trial. Plaintiff did not file this case until March 19, 2007, which is more than five years after his cause of action accrued. As a result, this case is barred by the statute of limitations.

Additionally, the record shows that plaintiff failed to personally serve defendant Dimple and did not serve the U.S. Attorney and the Attorney General of the United States as required by Fed. R. Civ. P. 4(i). As a result, this case should be dismissed as to defendant Dimple under Fed. R. Civ. P. 4(m) & 12(b)(4)-(5).

Accordingly,

---

[1] Defendants Maxey and Lawrence filed their motion to dismiss in the state court.

**IT IS HEREBY ORDERED** that defendants' motions to dismiss are **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's complaint is **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that all other motions are **DENIED** as moot.

An Order of Dismissal shall accompany this Memorandum and Order.

So Ordered this 29th Day of January, 2008.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE